# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FLOYD WALKER III,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**PHILLIPS & COHEN ASSOCIATES, LTD.,** a New Jersey corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Floyd Walker III ("Plaintiff" or "Walker III") brings this Class Action Complaint and Demand for Jury Trial against Defendant Phillips & Cohen Associates, Ltd., ("Defendant" or "Phillips & Cohen Associates") to stop the Defendant from violating the Telephone Consumer Protection Act by making calls without consent to consumers' cellular phone numbers using pre-recorded voice messages. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Floyd Walker III is a resident of West Glasgow, Kentucky.

2. Defendant Phillips & Cohen Associates is a New Jersey corporation. Defendant Phillips & Cohen Associates conducts business throughout this District, and the U.S.

## JURISDICTION AND VENUE

3. This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and the venue is proper under 28 U.S.C. § 1391(b) because the Defendant resides in this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that Americans were receiving more than 18 million robocalls every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, Americans were receiving more than 100 million robocalls every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in March 2022 alone, at a rate of 140.8 million calls per day. www.robocallindex.com (last visited April 10, 2022).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Phillips & Cohen Associates is a third-party debt collection company.

15. As part of its business, Defendant Phillips & Cohen Associates contacts consumers to collect on debts using prerecorded voice messages.

16. Defendant Phillips & Cohen Associates places debt collection calls using a prerecorded voice to some consumers who do not owe any debts to them and from whom it has never obtained prior express written to place such calls, like in the case of Plaintiff Walker III.

17. Multiple consumers have posted complaint regarding calls they received from and/or on behalf of Defendant Phillips & Cohen Associates, similar to those received by Plaintiff Walker III, including complaints of receiving

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

unsolicited pre-recorded calls from 866-321-2197, the same phone number from which the Plaintiff Walker III was called, for instance:

-  [3]

- [4]

- [5]

---

[3] https://directory.youmail.com/directory/phone/8663212197
[4] https://reverd.com/blog/1-866-321-2197/4
[5] *Id*.

5



- [6]

- [7]

- [8]

---

[6] https://800notes.com/Phone.aspx/1-866-321-2197/2
[7] *Id.*
[8] *Id.*



---

[9] https://whocallsme.com/Phone-Number.aspx/8663212197
[10] *Id.*
[11] *Id.*

- 

    [12]

### PLAINTIFF WALKER III'S ALLEGATIONS

18. Plaintiff Walker III is the sole subscriber and user of the cell phone number ending xxx-xxx-8452.

19. In March 2022, Plaintiff Walker III started receiving calls from Defendant Phillips & Cohen Associates on his cell phone. Plaintiff answered the calls, which started with a prerecorded message in automated voice regarding a debt owed to the Defendant. Plaintiff stayed on the call, pressed the keys as prompted by the automated voice message and spoke to the Defendant's employees on multiple occasions and informed them that they had the wrong number and requested them to stop calling his cell phone.

20. Plaintiff Walker III received such phone calls from the Defendant on:

- March 17, 2022, at 1:41 PM:

---

[12] *Id.*



- March 24, 2022, at 2:02 PM and 2:04 PM:

21. On calling the phone number 866-321-2197, it is answered by an automated voice system which identifies Defendant Phillips & Cohen Associates.

22. Despite the stop requests, Plaintiff Walker III continues to receive calls from the Defendant Phillips & Cohen Associates using pre-recorded voice messages.

23. The unauthorized pre-recorded telephone calls that Plaintiff received from and/or on behalf of the Defendant have harmed Plaintiff Walker III in the form of annoyance, nuisance, and invasion of privacy, occupation of his phone line and disturbance of the use and enjoyment of his phone, wear and tear on the phone's hardware (including the phone's battery), and consumption of memory on the phone.

24. Seeking redress for these injuries, Plaintiff Walker III, on behalf of himself and Class of similarly situated individuals, brings suit under the TCPA.

9

## CLASS ALLEGATIONS

25. Plaintiff Walker III brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) the Defendant (or an agent on Defendant's behalf) called on their cellular telephone number (2) using the same or a similar pre-recorded voice message as was used to call the Plaintiff.

26. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Walker III anticipates the need to amend the Class definition following appropriate discovery.

27. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions

10

predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether Defendant used a prerecorded message to make calls;

    (b)    whether Defendant had consent to make the calls;

    (c)    whether Defendant's conduct violated the TCPA; and

    (d)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

29.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. The Plaintiff has no interests antagonistic to those of the Class, and Defendant have no defenses unique to the Plaintiff. The Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither the Plaintiff nor his counsel have any interest adverse to the Class.

30.    **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and

affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class, not on facts or law applicable only to Plaintiff Walker III. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Walker III and the Pre-recorded No Consent Class)**

31. Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint and incorporates them by reference herein.

32. Defendant transmitted unwanted telephone calls to Plaintiff Walker III and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

33. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Walker III and the other members of the Pre-recorded No Consent Class.

34. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a

result of Defendant's conduct, Plaintiff Walker III and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Walker III requests a jury trial.

**FLOYD WALKER III**, individually and on behalf of all others similarly situated,

DATED this 28th day of April, 2022.

13

By: /s/ Stefan Coleman
Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN
1071 Madison Ave, Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*